# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE CITY AND COUNTY OF SAN FRANCISCO AND DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Chloe Maria Dimitrou

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

2020 SEP 16 PM 1:07
CITY ATTY'S OFFICE
1390 MARKET ST.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Francisco Superior Court
*(El nombre y dirección de la corte es):*
400 McAllister St.
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):* CGC-20-586538

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ali Yousefi, 3230 Arena Blvd Ste # 245-224, Sacramento, CA 95834; (858) 414-2200

DATE: September 14, 2020        CLERK OF THE COURT Clerk, by    BOWMAN LIU        , Deputy
*(Fecha)*                          *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: The City and County of San Francisco

   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify)*: CCP 416.50 Public Entity
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

ELIZABETH A. ZAREH (SBN#: 182871)
ZAREH ASSOCIOTES
75 Broadway, #202
San Francisco, CA 94111
(415) 830-3031 Tel/Fax
Elizabeth@zarehassociates.com

ALI R. YOUSEFI (SBN#: 282260)
3230 Arena Blvd Ste # 245-224
Sacramento, CA 95834
Telephone: (858) 414-2200
Facsimile: (916) 200-0868
E-Mail: AYousefiLaw@gmail.com

Attorneys for Plaintiff,
Chloe Maria Dimitrou

ENDORSED
FILED
San Francisco County Superior Court

SEP 14 2020

CLERK OF THE COURT
By: _____

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## SAN FRANCISCO COUNTY
## UNLIMITED JURISDICTION

CHLOE MARIA DIMITROU,

    Plaintiff,

vs.

THE CITY AND COUNTY OF SAN FRANCISCO AND DOES 1-100, INCLUSIVE.

    Defendant.

Case No.: CGC-20-586538

**COMPLAINT FOR DAMAGES**
**(UNLIMITED JURISDICTION)**

(I)    VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983
(II)    VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 (*Monell*)
(III)   VIOLATION OF BANE ACT – CIVIL CODE § 52.1
(IV)   NEGLIGENCE
(V)    ASSAULT
(VI)   BATTERY

Plaintiff Chloe Maria Dimitrou ("Plaintiff") complains and alleges as follows:

### JURISDICTION

1. This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff on or about February 9, 2020 in San Francisco County, California. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to

1
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 1 of 10

the United States Constitution, as well as the laws and Constitution of the State of California. Venue is founded in this judicial district as the acts complained of arose in this district.

## PARTIES

2.  At all times herein mentioned, Plaintiff Chloe Maria Dimitrou ("Plaintiff") was residing in the United States and was injured in San Francisco, within the jurisdiction of the Superior Court of San Francisco.

3.  Plaintiff, based upon information and belief, states that at all times relevant hereto the City and County of San Francisco managed, oversaw and/or employed the individual Defendants "Doe" herein, who were acting within the scope and course of that employment.

4.  The true names, identities and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names, and Plaintiff will ask leave of Court to amend this Complaint to insert their true names, identities and/or capacities when the same have been ascertained. Each Doe Defendant was an employee/agent of the City and County of San Francisco and at all material times acted within the course and scope of that relationship. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more Doe Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

5.  Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

2
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 2 of 10

6. At all material times, each Defendant was jointly engaged in tortious activity, and an integral participant in the conduct described herein including the wrongful seizure of and use of excessive force against the Plaintiffs, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

7. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and also the City and County of San Francisco.

8. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Defendant the City and County of San Francisco.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff realleges ¶¶ 1-8 as if fully set forth herein.

10. On or about February 9, 2020 at 1:00 a.m., Plaintiff was peacefully walking near the vicinity of the intersection of 23rd St. and Mission St. in San Francisco, CA 94110.

11. Defendant Officer Doe 1, without warrant or factual or legal basis, sought to stop and investigate Plaintiff for potential violation of Cal. Penal Code § 594(2)(A) (graffiti writing).

12. When Plaintiff continued to walk away, Defendant Officer Doe 1 aggressively pursued her, causing her to flee.

13. When Defendant Officer Doe 1 reached Plaintiff, he subjected her to excessive and unnecessary force, including violently attacking her and throwing her face first into an iron gate, which caused her significant bodily injury (face lacerations that required stiches and injuries to her knee, neck, skull and right side), emotional distress and pain and suffering, including loss consciousness for a time, and when she revived, a panic attack.

14. Defendant Officer Doe 1 also subjected Plaintiff to excessive and unnecessary force when he violently shoved her to the concrete sidewalk and handcuffed her.

15. Defendant Officer Doe 2 arrived on the scene and unlawfully, aggressively searched Plaintiff's bag, other effects and person.

16. Defendants Officers Doe 1 and 2 unlawfully threatened Plaintiff with jail to coerce her to speak with them.

3
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 3 of 10

17. Subsequently, and despite videocam footage to the contrary, in reporting to their superior, Defendants Officers Doe 1 and 2 did not accurately report Defendant Officer Doe 1's actions, and instead claimed that Plaintiff "tripped and fell into the gate."

18. Plaintiff was transported by paramedics from the scene to the hospital where she received emergency medical treatment.

19. At all times material hereto, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, and deliberately indifferent to Plaintiff's rights, done, and alternatively, were negligent, but in any event objectively unreasonable.

20. As a direct and proximate result of each of Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

   a. Unlawful seizure and detention
   b. Physical injuries, including serious face laceration, loss of consciousness and injury to knee;
   c. Pain and suffering, including emotional distress;
   d. Violation of constitutional rights;
   e. Damages, penalties, costs, and attorneys' fees under 42 U.S.C. §§ 1983 and 1988 and California and U.S law.

21. Plaintiff timely and properly filed a tort claim pursuant to Cal. Gov. Code § 910 et seq., the claim was denied by operation of law on or about August 5, 2020, and this action was timely filed within all applicable statutes of limitation.

### COUNT I
### 42 U.S.C. § 1983
### Defendants Officers Doe 1 and 2

22. Plaintiff realleges ¶¶ 1-21 as if fully set forth herein.

23. As set out above, Defendants Officers Doe 1 and 2 violated 42 U.S.C. § 1983, deprived Plaintiff of the following clearly established constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

4
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 4 of 10

    a.    To be free from unreasonable searches and seizures; and

    b.    To be free from excessive and unreasonable force in the course of arrest or detention.

24.    Defendants intentionally, subjected Plaintiff to excessive and unnecessary force, including violently attacking her and throwing her face first into an iron gate, which caused her significant bodily injury (face lacerations that required stiches and injuries to her knee, neck, skull and right side), emotional distress and pain and suffering, including loss consciousness for a time, and when she revived, a panic attack.

25.    Defendants actions depriving Plaintiff of the rights described herein was done knowingly, maliciously, and with conscious and reckless disregard for the rights and safety of Plaintiff.

26.    As a direct and proximate result of Defendants' acts or omissions, Plaintiff has suffered injuries and damages as set forth above.

27.    The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

28.    Plaintiffs are also entitled to reasonable costs and attorney fees under 42 U.S.C. § 1988 and applicable California codes and laws.

## COUNT II
### 42 U.S.C. § 1983 (*Monell*)
### Defendant City and County of San Francisco

29.    Plaintiff realleges ¶¶ 1-27 as if fully set forth herein.

30.    On information and belief, the unconstitutional actions and/or omissions of Defendants were pursuant to the following customs, policies, practices, and/or procedures of Defendant City and County of San Francisco, which were directed, encouraged, allowed, and/or ratified by policy making officers for the City and County of San Francisco:

    a.    Using and allow the use of excessive and unjustified force;

    b.    Unlawfully detaining individuals without probable cause or justification;

    c.    Covering up violations of constitutional rights by any or all of the following:

5
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 5 of 10

      i. by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures;

      ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

      iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses and Plaintiff to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

  d. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

  e. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning (a) through (e) above in this paragraph, when the need for such training, supervision, policies, and procedures is obvious; and

  f. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

31. Defendant City and County of San Francisco failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

32. Policy-making officers for the City and County of San Francisco approved, tolerated and/or ratified Defendants actions as described above. Upon information and believe, authorized policymakers with the City and County of San Francisco have been apprised of the details, and have direct knowledge, of the fact of this incident. Yet, these policymakers have approved of the conduct of Defendants and have chosen to endorse the decisions of those Defendants and the basis for those decisions, thereby ratifying them.

6
COMPLAINT
*Dimitron v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 6 of 10

33. Defendant City and County of San Francisco's wrongful conduct described herein was a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established constitutional rights in violation of 42 USC §1983.

34. Defendant City and County of San Francisco's wrongful conduct was done knowingly, maliciously, and with conscious and reckless disregard for the rights and safety of Plaintiff.

35. As a direct and proximate result of the unconstitutional conduct of Defendant as described above, Plaintiffs sustained serious injuries and are entitled to damages, penalties, costs and attorney fees as set forth above, and punitive damages against Defendant City and County of San Francisco and DOES 1–100 in their individual capacities.

## COUNT III
### Violation of Civ. Code § 52.1
### All Defendants

36. Plaintiff realleges ¶¶ 1-34 as if fully set forth herein.

37. As set out above, each Defendant, acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly established rights under the United States Constitution's Fourth and Fourteenth Amendments, the California Constitution Article 1, §§ 1, 13 and Cal. Civ. Code § 43:

   a. To be free from unreasonable searches and seizure;
   b. To be free from excessive and unreasonable force in the course of arrest or detention;
   c. To enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy;
   d. To be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive force; and
   e. To protection from bodily restraint, harm, or personal insult.

38. In particular, Defendants engaged in the following acts of constituting threats, intimidation and coercion:

   a. Unlawfully searching and seizing Plaintiff;

7
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 7 of 10

    b.  Using excessive and unjustified force to detain Plaintiff;

    c.  Detaining Plaintiff without probable cause; and

    d.  Violating Plaintiff's right to be free from wrongful arrest and excessive force.

39.    As a direct and proximate result of Defendants' violations, Plaintiff sustained injuries and damages for which she is entitled to relief against Defendants, punitive damages, including those allowed under Cal. Civ. Code §§ 52, 52., and California law, and treble damages, costs, attorney fees and civil penalties.

### COUNT IV
### Negligence
### All Defendants

40.    Plaintiff realleges ¶¶ 1-21 as if fully set forth herein.

41.    At all times material hereto, Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

42.    At all times material hereto, Defendants owed Plaintiff the duty to act with reasonable care, that included:

    a.  To not use excessive and/or unreasonable force against Plaintiff;

    b.  To not cause Plaintiff to be wrongfully searched and detained;

    c.  To use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

    d.  To not violate Plaintiff's rights as protected by federal and state law.

    e.  To establish, enforce and act in conformance with lawful policies and customs that protect individual rights; and

    f.  To refrain from creating, enforcing or abiding wrongful policies and customs.

43.    The liability of Defendant City and County of San Francisco is based on its vicarious liability via Cal. Gov't Code § 815.2 for the conduct of its employees and agents acting in the scope and course of employment, including Defendants Does 1-100.

44.    Defendants have breached each duty set forth above.

8
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 8 of 10

45. At all times material hereto, Defendants acted with willful and conscious disregard of the rights and safety of Plaintiff.

46. As a direct and proximate result of Defendants' conduct, Plaintiff sustained injuries and damages for which she is entitled to relief against Defendants, as well as punitive damages under California law.

## COUNT V
### Assault
### Defendants Officer Doe I & the City and County of San Francisco

47. Plaintiff realleges ¶¶ 1-21 as if set forth herein.

48. At all times relevant hereto, Defendant Officer Doe 1, while acting in the scope and course of his employment and/or agency with Defendant City and County of San Francisco, intended to cause harmful or offensive contact, or the imminent apprehension of such contact.

49. At all times relevant hereto, Plaintiff was put in apprehension of such contact.

50. At all times material hereto, Defendants acted with willful and conscious disregard of the rights and safety of Plaintiff.

51. As a direct and proximate cause of Defendants' assault, Plaintiff sustained injuries and damages to which she is entitled to relief against Defendants, and for which she is entitled to punitive damages under California law.

## COUNT VI
### Battery
### Defendants Officer Doe 1 and City and County of San Francisco

52. Plaintiff realleges ¶¶ 1-21 as if fully set forth herein.

53. At all times material hereto, Defendant Officer Doe 1, acting in the scope and course of his employment with Defendant City and County of San Francisco, intentionally shoved Plaintiff, which resulted in harmful and offensive contact with Plaintiff.

54. At all times material hereto, Plaintiff did not consent to the contact, which caused injury, damage, loss and harm to plaintiff as set forth above.

9
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 9 of 10

55. At all times material hereto, Defendants acted with willful and conscious disregard of the rights and safety of Plaintiff.

56. As a direct and proximate cause of Defendants' assault, Plaintiff sustained injuries and damages to which she is entitled to relief against Defendants, and for which she is entitled to punitive damages against the individual law enforcement officers under California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows against Defendants, and each of them, jointly and severally:

1. Compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

2. Punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

3. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988; Cal. Code of Civ. Proc. §1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law; and

4. such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

Dated: 9/11/20

By: *Ali Yousefi*
Ali R. Yousefi, Esq.
Attorney for Plaintiff

10
COMPLAINT
*Dimitrou v. County of San Francisco et. al.*
San Francisco Superior Court No.

Page 10 of 10