UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHLOE MARIA DIMITROU,

    Plaintiff,

    v.

THE CITY AND COUNTY OF SAN FRANCISCO AND DOES 1-100, INCLUSIVE,

    Defendants.

No. C 20-07278 WHA

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL (WITH CONDITIONS)**

The Law Offices of Ali Yousefi, P.C. moves to withdraw as counsel of record for plaintiff in this action for excessive use of force and unreasonable search and seizure by officers of the San Francisco Police Department. Plaintiff has not responded to numerous attempts to reach her.

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5. Permission to withdraw is discretionary. Withdrawal in our district is guided by the California Rules of Professional Conduct, which allows permissive withdrawal on several grounds, including where the client renders it unreasonably difficult for the lawyer to provide effective representation. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008); Civil L.R. 11-4(a)(1); Cal. R. Pro. Conduct 1.16(b).

At an October 21 case management conference, Attorney Yousefi noted his impending motion to withdraw, and the undersigned advised that he must give notice to plaintiff of the motion's November 10 hearing date so that she could participate in the hearing and understand the consequences of the motion should it be granted. Counsel did so. Counsel, in fact, made several attempts to contact plaintiff, but plaintiff's mother eventually alerted counsel that "I am very doubtful that she will make any kind of appearance" (Dkt. No. 32).

Plaintiff has made it unreasonably difficult for counsel to effectively represent her, and Attorney Yousefi made good faith attempts to contact plaintiff and to put her on notice that counsel seeks to end the attorney-client relationship. Because the plaintiff has apparently abandoned her claim, there is no material adverse effect of withdrawal. The Court is satisfied that plaintiff has made herself unavailable to her counsel and has lost interest in the case. Having shown good cause, the motion to withdraw is hereby **GRANTED**.

Plaintiff's counsel — particularly Attorney Yousefi and Attorney Karl Siganporia, who attended the hearing on this motion — have a duty, nevertheless, to take steps to the extent reasonably practicable to protect plaintiff's interest in this matter. Counsel shall continue to receive documents related to this lawsuit, to preserve materials and property in counsel's possession for a period of two years, and to surrender these materials if requested by plaintiff. If plaintiff's counsel has been paid a fee in advance that has not been incurred or earned, counsel must make a good faith attempt to refund this amount. *See* Cal. R. Pro. Conduct 1.16(d), (e).

Plaintiff is hereby ordered to **APPEAR** in person on **DECEMBER 9, 2021 AT 1:30 P.M.** at the San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 12, 19th floor to show cause why her case should not be dismissed for lack of prosecution. Plaintiff's counsel shall promptly serve a copy of this order on plaintiff at her last known mailing address and make other, reasonable attempts to get in contact with plaintiff. Counsel shall include in the mailing to plaintiff a short cover letter explaining that if she does not appear the case will be dismissed and that if she does appear the hearing will be used for case management and scheduling. Further, counsel shall file a certificate of service at least two weeks before the hearing.

Withdrawal is effective upon plaintiff's counsel filing the certification of service upon plaintiff.

**IT IS SO ORDERED.**

Dated: November 11, 2021.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE